UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-456 |
| | § § | |
| OCCIDENTAL FIRE & CASUALTY OF NORTH CAROLINA, | § § § | |
| Defendant. | § § | |

## ORDER

Plaintiff, American Empire Surplus Lines Insurance Co. (American Empire) has filed suit as an excess insurance carrier against the primary carrier, Defendant Occidental Fire & Casualty of North Carolina (Occidental), alleging liability under the *Stowers* doctrine. In essence, American Empire contends that Occidental had a reasonable opportunity to settle an underlying case within policy limits, should have done so, but failed to do so. As a result, American Empire, as excess insurer, seeks to recover the amount it paid to settle the matter over the amount of Occidental's tendered primary limits, triggered only because of Occidental's failure to settle. Occidental has filed its Motion for Judgment on the Pleadings (D.E. 19), asserting that American Empire has no valid cause of action because a *Stowers* claim requires that the plaintiff sue for the amount of an excess judgment rather than an excess settlement. For the reasons set out below, the motion is DENIED.

# FACTS

This insurance dispute arises out of a claim asserted in *Maria Elena Salinas v. Benchmark Logistics, Inc.*, Cause No. 11-06-50124, in the 79th Judicial District Court of Jim Wells County, Texas.  According to American Empire's allegations, Maria Elena Salinas (Salinas) tendered an appropriate *Stowers* demand to Occidental, as primary carrier for Benchmark Logistics, Inc. (Benchmark), offering to settle Benchmark's liability in full for an amount within Occidental's primary policy limits.  Occidental refused the *Stowers* demand.

Thereafter, the Salinas case went to mediation.  At that time, Occidental tendered its policy limits to settle the case against Benchmark.  Salinas refused to accept the primary limits in settlement.  As a result, American Empire's excess liability coverage owed to Benchmark was triggered and it paid $300,000 in addition to Occidental's primary policy limits to settle Benchmark's liability.  American Empire now sues under *Stowers* for the $300,000 it was required to pay to settle the case.

# DISCUSSION

Occidental argues that *Stowers* does not apply to this fact scenario because American Empire's damages resulted not from a judgment, but from a voluntary settlement.  It cites a number of cases that speak in terms of the necessity of an excess "judgment" before *Stowers* liability attaches.  However, none of those cases state that a "judgment" is required whereas a "settlement" is insufficient.  Rather, the requirement of a "judgment" stems largely from the need to finalize and quantify the damages for any excess liability caused by an act in violation of the *Stowers* duty.

Those requirements—obligation to pay and sum certain—insure that the *Stowers* action is ripe for determination. *See e.g., Safeway Managing General Agency, Inc. v. Osherow, Trustee (In re Davis)*, 253 F.3d 807, 809 (5th Cir. 2001) (*Stowers* claim was not an asset in the property of the bankruptcy estate where the claim did not mature prior to being extinguished by the insured debtor's discharge); *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009) (referencing a judgment as an element of a *Stowers* claim, but later referring to "excess liability" as the "critical element" of the *Stowers* action); *Street v. Honorable Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex. 1998) (excess judgment that is on appeal is "final," making it ripe for *Stowers* purposes, if the judgment has not been superseded and the insured is subject to execution on the judgment); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990) (describing an excess judgment as the injury-producing event that makes the *Stowers* claim ripe, which does not rule out the injury caused by having to settle in excess of primary policy limits).

While Occidental claims that *RLI Ins. Co. v. Philadelphia Indem. Ins. Co.*, 421 F. Supp. 2d 956, 968-69 & n.10 (N.D. Tex. 2006) denies an insurer's *Stowers* claim in the face of liability allegedly created through a settlement, the case does not apply. *RLI* involved three carriers and four policies. The carriers jointly evaluated and settled the underlying claim against their common insured. Rather than presenting a *Stowers* tort-based scenario related to a carrier's failure to settle within its own policy limits when it had the opportunity to do so, the case was a contract-based battle between all of the carriers as to how the policies were to be construed together and the liability divided up. The footnote regarding *Stowers* should not be read to state that it takes a judgment to

trigger the duty. Rather, it should be read as stating that, when the carriers evaluate and settle the case together, there is no predicate wrongful act of a primary carrier to trigger *Stowers* liability regardless of how damages might ordinarily be incurred to ripen the case.

American Empire argues that its settlement on behalf of Benchmark accomplishes the same purposes for which a judgment would otherwise be necessary. The settlement establishes that the underlying plaintiff, Salinas, recovered a particular amount in excess of the primary policy limits on behalf of Benchmark and that the amount was paid by a party entitled to subrogation to Benchmark's rights against its primary carrier, Occidental.

American Empire backs its argument with authorities that permit settlements to trigger insurance company liability in other scenarios. *Royal Ins. Co. v. Caliber One Indem. Co.*, 465 F.3d 614, 615, 618-20 (5th Cir. 2006) (recognizing that the Texas Supreme Court, in *American Centennial v. Canal, infra,* accepted the amount paid by an excess carrier to settle the underlying case as triggering rights in tort for negligent handling of the defense by the primary carrier); *Keck Mahin & Cate v. Nat'l Union Fire Ins. Co.*, 20 S.W.3d 692 (Tex. 2000) (recognizing a claim by an excess carrier against a primary carrier and its attorneys for negligent handling of a case resulting in the need to settle within the excess carrier's policy limits); *Am. Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480 (Tex. 1992) (referring to the excess carrier's liability through judgment or settlement as triggering the right to equitable subrogation to the insured's rights against the primary carrier).

Additionally, American Empire notes that the Fifth Circuit has accepted the settlement-based claim of an excess carrier against a primary carrier in a *Stowers*-like situation arising from Louisiana law that is materially indistinguishable from *Stowers*. *RSUI Indem. Co. v. Am. States Ins. Co.*, 768 F.3d 374, 381-82 (5th Cir. 2014). In that case, the primary carrier expressly raised the argument that the excess carrier's settlement was not a good enough basis for its claim and an adjudicated judgment was required. The Fifth Circuit disagreed, reversing the trial court's decision to the contrary.

The Court agrees that, in this situation, Occidental raises a distinction without a difference that threatens the public policy in favor of settlements by requiring an excess carrier to litigate to final judgment any dispute that cannot be settled within primary policy limits because of a primary carrier's failure to accept a *Stowers* demand. Such a requirement places all insurance carriers at risk of paying more than would have been necessary if the claim could have been settled. The excess carrier is at risk of paying more on a judgment and the primary carrier is at risk of paying more as a result of a *Stowers* action to recover the amount of the excess judgment. Such a risk is not justified by any competing policy concerns.

For the reasons set out above, the Court DENIES the motion for judgment on the pleadings (D.E. 19).

ORDERED this 22nd day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE